Marian O. HIGGASON, Appellant,

v.

Robert Lee HENRY et al., Appellees

Court of Appeals of Kentucky.

May 9, 1958.

James U. Smith, Jr., E. Gerry Barker, Louisville, for appellant.

Roger E. Vincent, Harry F. Malone, guardian ad litem, Louisville, for appellees.

BIRD, Judge.

A mother appeals from a judgment ordering the adoption of her child by the appellees. The action was filed pursuant to the provisions of KRS 199.470. The mother, a non-resident, contested the adoption and charged that the requirements of parental consent had not been met as provided by the laws of this state. The pertinent provisions for parental consent are found in KRS 199.500 and read as follows:

"(1) No adoption shall be granted without the sworn consent of the living parent or parents of a legitimate child or the mother of the child born out of wedlock, except that such consent of the living parent or parents shall not be required if:

"(a) Such parent or parents have been adjudged incompetent and such judgment shall have been in effect for not less than one year prior to the filing of the petition for adoption;

"(b) The parental rights of such parents have been terminated under KRS 199.600 to 199.630; * * *

"(4) Notwithstanding the provisions of subsection (1) of this section, an adoption may be granted without the consent of the natural living parents of a child if it is pleaded and proved as a part of the adoption proceedings that any of the provisions of subsections (1) or (2) of KRS 199.600 exist with respect to such child."

There is a contrariety of testimony as to whether the mother did or did not consent, but the record discloses beyond doubt that the consent, if any, was not given under oath. This is a statutory requisite to the granting of an adoption in this state, and we adhere to the rule of strict compliance with statutes pertaining to adoption. Carter v. Capshaw, 249 Ky. 483, 60 S.W.2d 959. To reduce uncertainty of consent to a minimum is one obvious reason for the rule.

This case not falling within any exception to the consent provisions of our adoption law, we must hold that, in the absence of sworn consent, the judgment granting adoption is erroneous and must be reversed.

The judgment in this case deals strictly with the single question of adoption. This opinion is likewise limited and we do not undertake to resolve any other question pertaining to the right of custody.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.