**James M. HALL, Appellant,**

v.

**Elsie Grace HALL, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1959.

G. D. Milliken, Jr., Bowling Green, for appellant.

E. R. Gregory, Bowling Green, for appellee.

BIRD, Judge.

Appellee, Elsie Grace Hall was granted a divorce and custody of Linda Hall, age 6, and Barry Hall, age 4, children of the appellant and appellee.

Appellant filed his motion to redocket the action and modify the judgment so as to award him the custody of the two children. A hearing was had and the court overruled his motion for modification and he appeals from this order.

Appellant claims that the "overwhelming testimony" shows appellee to be immoral and unfit to have the custody and control of the two children.

He undertook to prove by himself and a gumshoe, whom he hired to shadow his former wife, that she on two or three successive nights visited a man from Tennessee in his motel room. This is all that appellant developed in his testimony.

It was proved beyond cavil that the children were receiving good care and as much attention from the mother as could reasonably be expected from one who has to work. The children were kept clean. They were well fed and well clothed. They were attended by competent persons when the mother was away.

Appellee denied having ever been to the motel with the man from Tennessee.

■ Where evidence is conflicting and much depends upon creditability, the chancellor's finding will not be disturbed though doubt may be raised in the mind of the reviewing court. Veterans Service Club v. Sweeney, Ky., 252 S.W.2d 25; Nagle v. Wakefield's Adm'r., Ky., 263 S.W.2d 127.

■ Here we have only one bit of evidence tending to show appellee's immorality. This bit of evidence is in direct conflict with appellee's testimony. Under the rule we will not disturb the chancellor's finding.

The judgment is therefore affirmed.