Beatrice Zoglmann KRAMPE, Appellant,

v.

Edward Leo KRAMPE, Appellee.

Court of Appeals of Kentucky.

October 14, 1960.

George V. Triplett, Owensboro, for appellant.

Robert T. Sweeney, Owensboro, for appellee.

BIRD, Chief Justice.

Beatrice Krampe sued for divorce on the ground that her husband, Edward Krampe, had habitually behaved toward her "in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness."

The husband, without seeking affirmative relief, denied the allegations of the complaint.

The trial court refused to grant the divorce and dismissed the complaint. The wife appeals.

Under the authority of Coleman v. Coleman, Ky., 269 S.W.2d 730, Mrs. Krampe must have proven at least one of two things to entitle her to a divorce upon the grounds alleged. She must have shown either that the acts of her husband indicated a settled aversion on his part or that his acts were such as would destroy her peace and happiness during the marriage.

All of Mrs. Krampe's complaints against her husband originate in his insistence on sexual intercourse. There is nothing in the record to indicate that his desires were abnormal or that his demands, under normal circumstances, were unreasonable. His conduct not only refutes the idea of aversion but rather shows a keen desire for his wife's attention. Mrs. Krampe has failed to show an aversion. Therefore, if she is entitled to the relief sought upon the grounds alleged she must not only show that his acts constituted cruelty under the circumstances but that her peace and happiness have been destroyed by these acts.

This Court is reluctant to go into the unpleasant and embarrassing details of the evidence and we shall therefore state conclusions only.

█ It is apparent from the whole record that Mrs. Krampe is so allergic to sexual intercourse that she becomes both mentally and physically disturbed by the thought of sexual intercourse with her husband. We have concluded that, if her peace and happiness have been destroyed, it has resulted from her state of mind. We are unable to say from the record that the husband's conduct contributed to that state of mind. There is convincing evidence in the record that this state of mind existed before the marriage. The trial court could, from the evidence, have concluded that her peace and happiness were destroyed because of her state of mind, a condition for which her husband was not responsible. She would not be entitled to relief upon the ground asserted unless her husband was responsible for the loss of peace and happiness.

█ Though conflicting, the evidence is sufficient to justify the chancellor's conclusions. This Court will therefore not interfere. Hall v. Hall, Ky., 329 S.W.2d 375.

The judgment is affirmed.