Bessie Ann KEELING (now Bessie Ann Muden), Appellant,

v.

Odis Ruble MINTON et al., Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1960.

Andrew J. Palmer, Paducah, for appellant.

Holland Bryan, Tyler C. Bourne, Paducah, for appellees.

BIRD, Chief Justice.

Bessie Ann Keeling, the natural mother of Anna Faye Keeling, appeals from a judgment whereby the adoption of Anna Faye Keeling by Odis Ruble Minton and his wife, Virginia Gertrude Minton, was approved and ordered. For defense to the action appellant asserted that her consent to the adoption was procured by fraud and duress and by her answer undertook to revoke the consent agreement which, on its face, was in full compliance with all statutory requirements. The child's natural father joined in the agreement.

In conformity with KRS 199.510(1) copies of the petition were filed with the Department of Economic Security for the purpose of investigation. The department in due course informed the court of its inability to make the investigation as required by KRS 199.510(2) whereupon the trial court gave the matter a thorough hearing upon which the mother's plea of fraud and duress was dismissed and the adoption granted.

On appeal she complains that her consent was not free and voluntary, and that the trial court erred in dismissing her answer.

Though she insists that she did not understand the effect of her sworn written consent and that she was led to its execution by fraud and duress, we find her claim thoroughly refuted by the evidence of a reputable lawyer, the county judge, the child's natural father, the appellees and others. The trial court found as a matter of fact that her consent was not procured by fraud or duress and that she acted voluntarily and understandingly. There being competent evidence of probative value to sustain this finding we will not disturb it on appeal. Hall v. Hall, Ky., 329 S.W.2d 375.

She further complains that there has not been strict compliance with the adoption statutes as required by the previous rulings of this Court. See Higgason v. Henry, Ky., 313 S.W.2d 275. It is her contention that KRS 199.510(2) makes it mandatory upon the trial court to appoint another investigating agency upon the department's failure to investigate. We note however that the statute says the court "may" refer the matter to another person or agency for investigation. It is not mandatory. In this case he chose rather to use a hearing as his method of investigation. It appears to have been rather thorough. The rule of strict compliance was not violated.

We find no prejudicial error. The judgment is therefore affirmed.