**B. R. HIGHTOWER et al., Appellants,**

v.

**Lee HIGHTOWER et al., Appellees.**

Court of Appeals of Kentucky.

May 19, 1961.

William F. Edmunds, Hopkinsville, for appellants.

G. S. Milam, Russellville, Charles H. Gill, Jr., Elkton, for appellees.

BIRD, Chief Justice.

J. B. Hightower, "Uncle John," died intestate on June 2, 1951, at the age of eighty-four years. His physical infirmities were extreme and had been for more than a year prior to his death. He was confined to the home of B. R. Hightower, a cousin, during that period of time. About thirty-five days before his death he executed a deed to B. R. (Bryan) Hightower whereby he sought to convey to Bryan a farm consisting of about one hundred and twenty-two acres. Other kinsmen of Uncle John seek by this action to cancel the deed to Bryan and to sell the farm for the purpose of distribution among the heirs after the payment of debts. They charge Bryan with fraud and the exercise of undue influence, and they allege mental incapacity on the part of Uncle John. The trial court entered a judgment whereby he cancelled the deed and ordered the land sold for the purposes set forth in the complaint. Bryan appeals.

Uncle John was almost blind and a victim of cancer. He lived with Bryan and was indebted to him for hospital and medical bills in the sum of $2,700. The deed recites a consideration of $1 and other valuable consideration. However, it is proven substantially that the deed was executed in consideration of the indebtedness of $2,700 and the further sum of $4,000 which passed from Bryan to Uncle John by check. It is admitted, however, that the check was cashed by Bryan's son-in-law for Uncle John who returned the $4,000 to Bryan in cash shortly after the transaction. Bryan substantially admits that he expected the return of the $4,000 when the check was delivered to Uncle John. There is a contrariety of testimony concerning the mental capacity of Uncle John at the time the deed was executed but there is no dispute that he was a physically helpless old man dependent on Bryan to look after his needs.

The trial court found as a matter of fact that a confidential relationship existed between Uncle John and Bryan. There is no doubt that there is sufficient evidence of probative value to support that finding and we will not disturb it. Keeling v. Minton, Ky., 339 S.W.2d 464.

By reason of this confidential relationship it was Bryan's burden to show that the procurement of the deed was free from fraud and undue influence, and was fair and equitable under the prevailing circumstances. Ross v. Ross, 216 Ky. 577, 288 S.W. 305; Fortney v. Elliott's Adm'r, Ky., 273 S.W.2d 51.

The trial court held that Bryan had not met the burden and consequently ordered the cancellation of the deed.

Our careful consideration of this case reveals some rather peculiar circumstances which we find it unnecessary to detail. We need only to say that the evidence and prevailing circumstances are such as to authorize the trial court's findings and conclusion. This being true we shall not disturb them. Keeling v. Minton, supra.

The judgment is affirmed.