**Ras WARNER, Jr., et al., Appellants,**

**v.**

**Alisa Dawn WARD, Infant under 14 years of age, et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1966.

John Frith Stewart, Crestwood, for appellants.

M. L. Perkinson, Bruce Hamilton, La-Grange, for appellees.

PALMORE, Judge.

This is an adoption proceeding under KRS 199.470 et seq., in which the appellants, Ras Warner and wife, Lavern Warner, sought to adopt Alisa Dawn Ward, infant child of Mrs. Warner's daughter, appellee Shirley Ann Ward (now Parrish). They appeal from a judgment denying the adoption and directing them to restore custody of the child to Shirley Ann.

Alisa was born April 16, 1963, at which time her mother, Shirley Ann, was 16 years of age and unmarried. On May 14, 1963, less than one month later, Shirley Ann signed and acknowledged a consent to Alisa's adoption by Mr. and Mrs. Warner. The Warners duly filed their petition for adoption on August 15, 1963. The ensuing investigation by the Department of Child Welfare, KRS 199.510, proved adverse to the petition. Meanwhile, on March 7, 1964, Shirley Ann married Roy Parrish, who admits he is Alisa's father, and eventually she filed an answer and counterclaim alleging among other things (1) that her consent to the adoption had been procured at a time when she was a minor and had no advice from anyone but her mother and her mother's attorney, was without means to provide for the baby, and was under extreme pressure, (2) that she had now married the child's father, and (3) that she and her husband desired to and could provide adequate support and care for the child. Following an appropriate hearing the trial court entered findings of fact, conclusions of law, and the judgment in Shirley Ann's favor.

The briefs are devoted very largely to the evidence, and reasonable arguments are made both ways. All of the contestants have suffered misfortunes of one kind or another, but it would serve no useful purpose to assess the debits and credits and attempt to strike a balance here. It is enough to say that the evidence provides ample support for the trial court's findings and judgment.

It is not seriously contended that Shirley Ann could not legally withdraw her consent. If "sufficient reason is shown there may be a revocation before final judgment." Skaggs v. Gannon, 293 Ky. 795, 170 S.W.2d 12, 16 (1943). That the act of relinquishment or consent was performed under circumstances of temporary distress or discouragement is a sufficient reason. Cf. Ferguson v. Klein, 273 Ky. 473, 116 S.W.2d 950 (1938). In the instant case it seems to us, under the traditional principle that an infant may avoid his commitments, that Shirley Ann's age when she executed the consent was enough in itself to establish a right of disaffirmance. Moreover, even if she had not changed her mind it was not incumbent on the court to grant the adoption. Parental consent is but one of several statutory prerequisites of an adop-

tion, principal among which is "the best interest of the child." Cf. KRS 199.520(1).

 Appellants contend that consent is unnecessary when parental rights are terminated. KRS 199.500(4), 199.600. They did ask in their petition that Shirley Ann's parental rights be terminated, but they neither pleaded nor proved the matters set forth in KRS 199.600 as essential to such termination.

 The point is made that Shirley Ann's husband, Parrish, did not join and is not a party to the proceeding. This is no infirmity to Shirley Ann's case. On the contrary, it would seem fatal to the Warners' position, because when the natural father of an illegitimate child marries the mother and acknowledges the child as his, the child is ipso facto legitimized. Cf. KRS 391.090(3); Jackson's Adm'rs. v. Moore, 38 Ky. (8 Dana) 170 (1839); Dudley's Admr. v. Fidelity & Deposit Co., Ky., 240 S.W.2d 76, 79 (1951). Parrish having married Shirley Ann and admitted in this proceeding that he was Alisa's father, he became one of the "parents of a legitimate child" within the meaning of KRS 199.500(1), and the adoption could not have been granted without his consent or a termination of his parental rights.

Appellants complain also that the report of the Department of Child Welfare should have been excluded from consideration, first because it consisted substantially of hearsay and secondly because, it is claimed, they did not have access to it prior to the hearing.

 We do not know how the first of these objections could be eliminated without invading the province of the legislature, which by KRS 199.510 has provided that the report be made and submitted to the court. "It is well settled that the legislature of a state has the power to prescribe new, and alter existing, rules of evidence or to prescribe methods of proof." 20 Am.Jur. 38 (Evidence, § 8). The reliability of the report is a matter within the competence of a qualified trial judge to weigh and determine.

 On the second point, the record shows that the report was filed on February 24, 1965. The hearing was held on March 3, 1965, at which time the trial court stated that the report was in the record. Hence it is clear that it was available for inspection by the parties and their attorneys. Cf. KRS 199.570(1). It is but two pages long, and could have been read and digested without delay. As a matter of fact, the departmental representative who prepared the report appeared as a witness and was cross-examined by counsel for the appellants. She gave the names of the persons she had interviewed, and they were subpoenaed and used as rebuttal witnesses. We are unable to perceive any prejudice in the circumstances.

The judgment is affirmed.