**Virgil Ray HILL and Eleanor Ruth Hill,
Appellants,**

**v.**

**William Henry POOLE et al., Appellees.**

Court of Appeals of Kentucky.

March 2, 1973.

Raymond L. Suell, Daniel M. Burlew, McCrea, Suell, Schottenstein & Neat, Louisville, for appellants.

Arthur R. Samuel, David Kaplan, Stuart L. Lyon, Kaplan, Lyon, Brady & Samuel, Louisville, for appellees.

CATINNA, Commissioner.

This is an appeal from an order of the Jefferson Circuit Court dismissing a petition for adoption and awarding the father custody of the infant.

John Arthur Poole and Judith Corain Poole are the parents of William Henry Poole, born August 16, 1970. In January 1971 the Pooles separated, and they requested that their friends, Virgil Ray Hill and Eleanor Ruth Hill, keep William for them until things could be settled. A divorce was granted on May 7, 1971, and custody of William was awarded to the father.

The Hills became very attached to the infant and began insisting that the father place him elsewhere. He made several efforts but could not find a baby sitter. It was finally agreed that the Hills might adopt the child, and in April 1971 the Pooles signed a paper agreeing that the infant might be placed in the Hill home for adoption.

The father moved to Illinois in search of employment. While he was there, the Hills visited him and obtained his signature on a consent to adoption. All the parties agree that the father was not sworn at the time he signed the consent, nor did they go before a notary for that purpose.

On February 10, 1972, the Hills filed their petition for adoption, the consent to adoption being filed as an exhibit. On April 11, 1972, Poole filed his answer in which he alleged that his parental rights to the child had not been terminated. He further withdrew any and all consents to the adoption of the child and stated that he now objected to such adoption.

Proof was taken and the case submitted. The court, in a memorandum opinion dated July 28, 1972, found that the child had been placed with the Hills on a temporary basis, that the father had never sworn to the consent to adoption and, further, that the father changed his mind and now wanted custody of the child. The court then directed that certain court costs and attorney's fees be paid by the father and that upon such payment an order would be entered dismissing the petition and awarding custody of the child to the father.

The father made the payments, and the court entered an order dismissing the petition for adoption and directed the Hills to forthwith deliver the infant to the father.

By a later order the court stayed and held in abeyance that part of its prior judgment awarding custody of the child to the father until further order of the court pending an appeal of the action.

Upon this appeal the Hills seek reversal upon four grounds, each of which we will discuss.

■ The Hills claim that the pleadings and proof in the adoption proceedings were sufficient to satisfy KRS 199.600(1) or (2), and the adoption should have been granted without consent of the father. KRS 199.500 requires the sworn consent of a parent to an adoption with certain exceptions, one of them being Subsection (4) which states that an adoption may be granted without consent if it is pleaded and proved as a part of the adoption proceeding that any of the provisions of Subsection (1) or (2) of KRS 199.600 exist with respect to such child. KRS 199.-600 provides for the involuntary termination of parental rights where an infant has been neglected or abandoned, or the parent or parents have substantially, continuously, or repeatedly refused to give the child parental care. The Hills' effort to plead the existence of the grounds as set out in KRS 199.500(4) is at best an afterthought seeking to "shore up" a losing cause. We have examined the entire record, the evidence, and the interrogatories filed and find that there is absolutely no substantial evidence that would justify an adoption without consent under KRS 199.500(4). The findings of the lower court bear out this conclusion.

■ The Hills next contend that the father's consent is a valid sworn consent because he later testified under oath that he had executed a paper giving consent. In Higgason v. Henry, Ky., 313 S.W.2d 275 (1958), we held that the giving of consent under oath is a statutory requisite to the granting of an adoption and that such statute must be strictly complied with in adoption proceedings.

It is admitted that Poole did not execute the consent under oath as required by KRS 199.500. We cannot see how this omission could later be cured or rendered harmless error by the fact that the father later testified under oath that he had executed a consent, especially where such testimony clearly establishes that the consent was not his sworn consent.

■ The Hills next object to Poole's withdrawal of his consent to adoption. Although the consent was invalid and this question rendered moot, the right existed. We have held that a consent to adoption could be withdrawn at any time before final judgment upon a showing of sufficient reason. Warner v. Ward, Ky., 401 S.W.2d 62 (1966). The Hills contend that Poole has not made the required showing.

The reason Poole gave was that he had remarried, established a home, had a job, was making sufficient money to support himself and his family, and wanted his son to be with him. Actually, could there be a better reason for the withdrawal of the consent?

■ Finally, the Hills state that should this court sustain the order dismissing the adoption permanent custody of the child should be awarded to them under KRS 199.550, which provides that if a petition for adoption is dismissed the child shall be returned to the "custody and control of the department, individual, institution or agency" which had the child prior to the institution of the adoption proceedings. We do not believe that this particular section of the statute is applicable here in that it is designed to facilitate the re-establishment of the status quo where custody of a child had been awarded in prior court proceedings.

■ The father is entitled to custody of the child, and his rights are superior to those of a nonrelative.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.