**CABINET FOR HUMAN RESOURCES, COMMONWEALTH OF KENTUCKY, Petitioner,**

v.

**Emby A. McKEEHAN, Judge, Whitley Circuit Court of Ky., Respondent.**

Court of Appeals of Kentucky.

May 2, 1984.

Case Ordered Published
by Court of Appeals
May 24, 1984.

Before HAYES, C.J., and CLAYTON and HOWARD, JJ.

ORDER

■ The Cabinet for Human Resources has petitioned this Court to issue writs of mandamus and prohibition prohibiting the respondent judge from proceeding further in an adoption action pending before him and to require him to deliver custody of the child to the Cabinet for Human Resources so that the child may be restored to its natural father in Michigan. The Cabinet alleges lack of jurisdiction over the child. If the courts of this state have no jurisdiction over the child, relief by mandamus or prohibition is appropriate. *Wood v. Graham*, Ky., 633 S.W.2d 404 (1982).

The record establishes that the child was born in Michigan to residents of that state. While the parents' divorce action was pending in the Michigan courts, the mother came to Kentucky with the child in April of 1983. The divorce was granted in July with custody being given to the mother with specific prohibition against her changing the domiciliary state of the child.

Subsequently, the child was found to be abused and neglected in this state, and emergency orders were issued by the Whitley Circuit Court to transfer custody of the child to the Cabinet for Human Resources. Physical custody of the child was given to a couple in Whitley County who appear to have been under the impression that they were receiving the child for adoption.

After a cooperative effort between the petitioner and its equivalent department in the state of Michigan, it was deemed appropriate for the child to be returned to its

natural father who had obtained change of custody in Michigan. The Whitley District Court so ordered on November 22, 1983.

However, the child remains in Whitley County because on November 23, 1983, the custodians of the child filed a petition for adoption. Because of this pending action, the Whitley Circuit Court has entered restraining orders and injunctions and otherwise hindered the delivery of the child to its natural father.

■ The circuit court lacks jurisdiction over this matter for many reasons. First of all, KRS 199.470(4) specifically provides: "No petition for adoption shall be *filed* unless prior to the filing of the petition the child sought to be adopted has been placed for adoption by a licensed child-placing institution or agency or by the Cabinet, or the child has been placed with written approval of the secretary; ..." (emphasis added). The child has never been placed with the custodial couple for adoption. Their misunderstanding, perhaps based upon representations of local agents of the petitioner, is unfortunate but does not change the simple fact that the child has never been placed for adoption.

■ Secondly, the child is not available for adoption. The child has parents whose parental rights have not been terminated. No action for the termination of parental rights has ever been filed by any of the entities listed in KRS 199.603(7). It appears that the county attorney, an associate of the custodian's attorney, moved to intervene in the action to terminate the parental rights, but respondent admits that the motion has been passed and never even set for a hearing. The custodians have no standing to institute an action to terminate parental rights.

■ Finally, the action in the circuit court cannot be maintained because Kentucky does not have jurisdiction over this child. The respondent judge asserts jurisdiction under two subsections of KRS 403.-420. However, subsection (1)(a) of the statute is not applicable because Kentucky is not and has never been the home state of the child. The child was brought to this state in April of 1983 while a divorce action was pending in the state of Michigan. Custody of the child was an issue in that divorce action, and the courts of the state of Michigan were acting properly when they entered orders first awarding custody of the child to the mother with restrictions on her ability to change the child's domicile and, later, changing custody to the father.

■ Subsection (1)(c) does not give the circuit court jurisdiction to entertain an adoption action concerning a child. This subsection was properly used by the district court in protecting the child when the child was found to be neglected in July of 1983. The *emergency* has now passed and had passed prior to the filing of the circuit court action. On November 23, 1983 there was in existence an order of the district court returning the child to its natural father. There was no emergency which justified the circuit court's assumption of jurisdiction over this child.

Therefore, the petition for writs of mandamus and prohibition are hereby, GRANTED. The respondent judge is ORDERED to proceed immediately to dismiss the action numbered 83–AD–12 currently pending in the Whitley Circuit Court and dissolve any injunctions or other orders in that case. The respondent judge is further prohibited from interferring with the immediate enforcement of the order of the Whitley District Court which requires the return of the child to the Cabinet for Human Resources for delivery to the natural father.

The parties are reminded that pursuant to CR 76.38(1) that this order is effective immediately upon entry.

The petitioner's motion to consolidate this appeal with a CR 65.07 action filed April 30, 1984 and petitioner's motion to strike portions of the response are hereby DENIED AS MOOT.

ENTERED: May 2, 1984

/s/ John P. Hayes
Chief Judge,
COURT OF APPEALS