**Jesse Edward CONN, Appellant,**

v.

**Erica INGRAM, Appellee.**

**No. 2007–CA–002255–MR.**

Court of Appeals of Kentucky.

April 24, 2009.

Discretionary Review Denied by Supreme Court Nov. 18, 2009.

John A. Nefzger, Frenchburg, KY, for appellant.

No brief filed.

Before CAPERTON, KELLER, and NICKELL, Judges.

## OPINION

NICKELL, Judge.

Jesse Edward Conn (Conn) appeals from an order of the Menifee Circuit Court dismissing his petition to adopt his adult natural born daughter because he failed to satisfy the residency requirement stated in Kentucky Revised Statutes (KRS) 199.470(1). We now affirm.

Conn's petition for adoption states in relevant part:

1. The Petitioner [Conn] is a resident of Rt. 1, Box 122, Ellsinore, MO and the Respondent Erica Ingram, the adult natural born child of the Petitioner, born January 3, 1971 [resides] in Middletown, OH. Erica Ingram presently resides at 67 Dennis Lane, Frenchburg, KY 40322 and has been a resident of Menifee County, KY for more than one (1) year before filing this petition.

KRS 405.390 permits an adult over the age of eighteen to "be adopted in the same manner as provided by law for the adoption of a child and with the same legal effect, except that his consent alone to such adoption shall be required." According to the birth certificate attached to the petition, Ingram was over the age of eighteen when the petition for adoption was filed in October of 2007.

KRS 199.470(1) directs:

[a]ny person who is eighteen (18) years of age and who is a resident of this state or who has resided in this state for twelve (12) months next before filing may file a petition for leave to adopt a child in the Circuit Court of the county in which the petitioner resides.

As a resident of Missouri, it is Conn, not Ingram, who must satisfy the residency requirement. However, as an admitted resident of Missouri, Conn cannot establish Kentucky residency and therefore the trial court properly dismissed the petition for adoption.

Conn argues the residency requirement found in KRS 199.470(1) is relevant only to the adoption of minors. We disagree and find support for our position in *Day v. Day*, 937 S.W.2d 717, 719 (Ky.1997), wherein our Supreme Court explained:

[s]ince adoption is a statutory right which severs forever the parental relationship, Kentucky courts have required strict compliance with the procedures provided in order to protect the rights of the natural parents. In *Higgason v. Henry*, Ky., 313 S.W.2d 275 (1958), an adoption was invalidated because the consent of the natural parent was not notarized. **A prerequisite to filing a petition for adoption is fulfilling the residency requirements of KRS 199.470.** *Wright v. Howard*, Ky.App., 711 S.W.2d 492 (1986), held that adop-

tion only exists as a right bestowed by statute and, furthermore, that there must be strict compliance with the adoption statutes. The law of adoption is in derogation of the common law. Nothing can be assumed, presumed, or inferred and what is not found in the statute is a matter for the legislature to supply and not the courts. *Coonradt v. Sailors*, 186 Tenn. 294, 209 S.W.2d 859 (1948).

(emphasis added). Therefore, in light of the residency requirement stated in KRS 199.470(1), and the Supreme Court directive in *Day* that the residency requirement be strictly enforced, we affirm the order of the Menifee Circuit Court dismissing Conn's petition for adoption.

ALL CONCUR.