NICKELL, JUDGE:
S.B.P., characterized as the biological father of A.R.P., challenges findings of fact and conclusions of law, as well as a separate judgment of adoption[2] entered by the Lincoln Circuit Court, Family Division, on September 19, 2017. S.B.P. also challenges an order overruling his motion for a new trial, entered by the same court on December 15, 2017. Review of the record, briefs and law mandates the findings of fact, conclusions of law, and judgment of adoption be vacated due to noncompliance with KRS Chapter 199.
A.R.P. was born addicted to drugs on August 26, 2014. Both her biological mother, H.T., and father have long histories of illegal drug activity.
At birth, A.R.P. was placed with a foster parent attuned to children with special needs who weaned her from drugs. In 2015, pursuant to Mercer Circuit Court, Family Division, Case No. 14-J-00164-001,[3] A.R.P. was placed in the permanent custody[4] of the L.'s. There she remains and appears to be thriving.
*144 On January 3, 2017, the L.'s petitioned for TPR-voluntary as to H.T.; involuntary as to S.B.P. The L.'s identified themselves as "petitioners" and listed four "respondents"-H.T., S.B.P., GAL,[5] and the Cabinet for Health and Family Services ("CHFS").[6] Consistent with KRS 625.050(1), the case was styled, "IN RE: THE INTEREST OF [A.R.P.], a minor child." Accompanying the L.'s petition was a notarized statement labeled "Petition for Voluntary Termination of Parental Rights"[7] executed by H.T. on July 6, 2016, in which she voluntarily consents to TPR as to herself and adoption of A.R.P. by the L.'s. The statement does not mention S.B.P. CHFS filed no documents in this case and never entered an appearance. While initiated as a TPR case, the circuit court action was assigned an "Adoption" case number.
As the matter progressed, the L.'s moved to amend the petition to add a prayer for adoption.[8] The motion listed the same petitioners and respondents, repeated the same case style, and carried the same case number. A copy of the motion to amend was served on H.T., S.B.P. and CHFS via mail.
An order amending the petition to add the prayer for adoption was entered on April 18, 2017. Copies were sent by the circuit court clerk to H.T., S.B.P. and counsel for the L.'s. The record does not confirm a copy of the signed order was provided to CHFS.
S.B.P. is a federal inmate with an anticipated release date of 2032. The sum of his participation in this case was filing four handwritten documents in which he consistently professed a desire for his father to have temporary custody of A.R.P. rather than the L.'s whom he believes are in their eighties. He also said he expected relief from his prison sentence due to a pending appeal (which was denied); claimed his mother and father had agreed to care for his daughter; requested legal representation for himself; denied abandoning A.R.P.; and claimed, "[his father] is well aware of what's going on and said he will take care of his grandchild."
On April 25, 2017, the L's moved for appointment of counsel for S.B.P. under CR[9] 17.04 and KRS 625.080 citing S.B.P.'s failure to defend the action. Counsel was appointed for S.B.P. on May 10, 2017, and set about trying to contact his client.
Notice[10] of the final hearing-scheduled to occur on July 27, 2017-was provided to S.B.P. on July 3, 2017. When the hearing finally commenced on August 14, 2017, counsel appeared on behalf of S.B.P., but *145 not having heard from his client despite sending letters about the pending TPR petition, counsel did not announce "ready," and stated he could add nothing to a letter from S.B.P. dated August 10, 2017. Counsel participated in the hearing to the best of his ability.
M.L. was the sole witness at the hearing. She testified no one from S.B.P.'s family-not even the father S.B.P. claimed was willing to accept custody of A.R.P. and care for her-had contacted the L.'s. There was no testimony about any disqualifying health or age[11] issues. M.L. testified S.B.P. had contributed nothing to A.R.P.'s upkeep-no money, no cards, no presents. She testified S.B.P. saw the child once in the hospital at birth and during a visit arranged by CHFS.
When the proof closed, counsel argued the case. Counsel for S.B.P. said a person-even one who is incarcerated-does not normally ignore letters from the attorney appointed to represent him alerting him a move is afoot to terminate his parental rights and place his child for adoption. A.R.P.'s GAL recommended TPR as to both mother and father and adoption by the L.'s. Counsel for the L.'s argued S.B.P. had done nothing for years to support or even contact his child and urged the court to make the L.'s her permanent family.
From the bench, the trial court found the only thing S.B.P. had done during A.R.P.'s nearly three years of life was write a letter. The court went on to find by both a preponderance of evidence, and clear and convincing evidence, KRS 199.502(1)(e) and (g) were satisfied. The trial court terminated the parental rights of both parents in its conclusions of law and found adoption by the L.'s was in A.R.P.'s best interest. Written findings of fact and conclusions of law, and a separate judgment of adoption, were entered on September 19, 2017.
When the hearing ended, counsel for S.B.P. said he would file an Anders brief[12] and asked that S.B.P. be allowed to proceed in forma pauperis. Before launching the appeal, however, counsel moved for a new trial claiming "accident or surprise." CR 59.01(c). Counsel for the L.'s opposed the motion. The trial court denied the new trial request finding S.B.P. had notice and opportunity to be heard at the hearing; was represented by competent counsel; and had offered no new information showing TPR and adoption had been improvidently entered.
Thereafter, appointed counsel filed a notice of appeal. The brief that followed alleged no errors in the trial court's handling of the case and questioned only how S.B.P.-while incarcerated-could have used his right to counsel "in a meaningful way." Counsel then filed a motion to withdraw in this Court.
A motion panel passed the motion to withdraw to this merits panel. We dispose of the motion via separate order entered contemporaneously herewith.
LEGAL ANALYSIS
Having filed an Anders brief, counsel for S.B.P. admits he found no meritorious claim to raise on appeal-a point with *146 which counsel for the L.'s agrees. We, however, disagree for multiple reasons.
At the outset, we note the Anders brief is flawed. It lacks an appendix with "copies of the findings of fact, conclusions of law, and judgment of the trial court, any written opinions filed by the trial court in support of the judgment, the opinion or opinions of the court from which the appeal is taken[.]" CR 76.12(4)(c)(vii). Counsel acknowledges this is the first Anders brief he has filed. That does not excuse his failure to follow the rules.
Next, this case was initiated by the L.'s filing a petition seeking involuntary TPR as to S.B.P. and voluntary TPR as to H.T. That is a significant misstep which cannot be overcome. KRS 625.050(3) specifies how a petition for involuntary TPR may be brought.
Proceedings for involuntary termination of parental rights may be initiated upon petition by the cabinet, any child-placing agency licensed by the cabinet, any county or Commonwealth's attorney or parent.
Not being one of the five entities specifically authorized to file a TPR petition, the petition filed by the L.'s was invalid and should have been dismissed. Because that petition was erroneously allowed to go forward, we must determine whether the adoption that ultimately resulted can be salvaged. We hold it cannot.
While KRS 625.050(1) requires a petition for involuntary TPR to be styled "in the interest of ..., a child," an adoption proceeding-which this case became when the L.'s were granted leave to amend the TPR petition to include a prayer for adoption-has different requirements-too many of which have been ignored. KRS 199.480(1) specifies:
(1) The following persons shall be made parties defendant in an action for leave to adopt a child:
(a) The child to be adopted;
(b) The biological living parents of a child under eighteen (18), if the child is born in lawful wedlock. If the child is born out of wedlock, its mother; and its father, if one (1) of the following requirements is met:
1. He is known and voluntarily identified by the mother by affidavit;
2. He has registered with the cabinet pursuant to KRS 199.503 as a putative father prior to the birth of the child, or if he did not have notice prior to the birth of the child, within thirty (30) days after the birth of the child;
3. He has caused his name to be affixed to the birth certificate of the child;
4. He has commenced a judicial proceeding claiming parental right;
5. He has contributed financially to the support of the child, either by paying the medical or hospital bills associated with the birth of the child or financially contributed to the child's support; or
6. He has married the mother of the child or has lived openly or is living openly with the child or the person designated on the birth certificate as the biological mother of the child.
A putative father shall not be made a party defendant if none of the requirements set forth above have been met, and a biological parent shall not be made a party defendant if the parental rights of that parent have been terminated under KRS Chapter 625, or under a comparable statute of another jurisdiction;
*147 (c) The child's guardian, if it has one.
(d) If the care, custody, and control of the child has been transferred to the cabinet, or any other individual or individuals, institution, or agency, then the cabinet, the other individual or individuals, institution, or agency shall be named a party defendant, unless the individual or individuals, or the institution or agency is also the petitioner.
(2) Each party defendant shall be brought before the court in the same manner as provided in other civil cases except that if the child to be adopted is under fourteen (14) years of age and the cabinet, individual, institution, or agency has custody of the child, the service of process upon the child shall be had by serving a copy of the summons in the action upon the cabinet, individual, institution or agency, any provision of CR 4.04(3) to the contrary notwithstanding.
(3) If the child's biological living parents, if the child is born in lawful wedlock, or if the child is born out of wedlock, its mother, and if paternity is established in legal action or if an affidavit is filed stating that the affiant is father of the child, its father, are parties defendant, no guardian ad litem need be appointed to represent the child to be adopted.
(Emphasis added). We have set forth the entire statute because "two basic rules" govern all adoptions:
1) the right of adoption exists only by statute; and, 2) there must be strict compliance with the adoption statutes. Failure to do so results in an invalid judgment. Goldfuss v. Goldfuss , Ky., 565 S.W.2d 441 (1978) ; Jouett v. Rhorer , Ky., 339 S.W.2d 865 (1960) ; Higgason v. Henry , Ky., 313 S.W.2d 275 (1958).
Wright v. Howard , 711 S.W.2d 492, 494 (Ky. App. 1986). In an adoption setting, strict compliance is essential "to protect the rights of natural parents." R.M. v. R.B. , 281 S.W.3d 293 (Ky. App. 2009). Practitioners are warned,
[t]he law of adoption is in derogation of the common law. Nothing can be assumed, presumed, or inferred and what is not found in the statute is a matter for the legislature to supply and not the courts.
Day v. Day , 937 S.W.2d 717, 719 (citation omitted).
The L.'s did not strictly comply with Chapter KRS 199. First, A.R.P. was not named a party defendant as mandated by KRS 199.480(1)(a) ; the case was merely styled "IN RE: THE INTEREST OF [A.R.P.], a minor child"-a carryover from the erroneously filed TPR petition. Second, the GAL appointed to represent A.R.P. was listed in the style of the case as a respondent, but there is no proof the TPR petition was served on her. There is no indication any document was served on the child's GAL until the amended petition on April 25, 2017. Thus, naming A.R.P.'s GAL as a respondent did not cure the error. Third, when one parent opposes adoption-as S.B.P. did in this case- KRS 199.510 applies. That statute reads in its entirety.
(1) Upon filing a petition for the adoption of a minor child, the clerk of the court shall forward two (2) copies of the petition to the cabinet . The cabinet , or any person, agency or institution designated by it or the court shall , to the extent of available facilities, investigate and report in writing to the court :
(a) Whether the contents of the petition required by KRS 199.490 are true;
(b) Whether the proposed adoptive parents are financially able and *148 morally fit to have the care, custody and training of the child; and
(c) Whether the adoption is to the best interest of the child and the child is suitable for adoption.
(2) The report of the cabinet or the designated person, agency or institution shall be filed with the court as soon as practicable but not later than ninety (90) days from the placement of the child or ninety (90) days after the filing date of the petition , whichever is longer, unless for good cause the court by written order extends the period of time for filing the report. If the cabinet or the designated person, agency or institution is unable to make the report, it shall within ten (10) days of receipt of the petition notify the court of its inability to conduct the investigation, and the court may designate some other person, agency or institution to make the necessary investigation. If the court designates some other person, agency or institution, the clerk shall forward one (1) copy of the petition to such person, agency or institution and shall notify the cabinet of such other designation at the time he forwards the petition to the cabinet.
(3) If the cabinet is a party defendant, its reports, if it files no other pleadings, shall be considered its answer to the petition.
(4) The clerk's fee for copying and forwarding the copies of the petitions required by this section shall be taxed as a cost of the action.
(Emphasis added). Completion of the CHFS investigation and report described in KRS 199.510(1) is a prerequisite to convening the mandatory evidentiary hearing. The slim record in this case does not indicate the amended petition for adoption and TPR was ever sent to CHFS. Therefore, the statutorily required investigation and filing of the report were never triggered. There is no report filed in the record showing an investigation occurred and no indication CHFS believed adoption was in A.R.P.'s best interest. Similarly, no CHFS representative testified during the hearing about the investigation and its results. Finally, there is no mention of such an investigation and report in the trial court's findings and conclusions, nor in its judgment of adoption.
In R.M. , 281 S.W.3d at 297-98, a panel of this Court affirmed denial of an adoption petition where no investigation occurred, and no report was filed. For similar reasons, we vacate the findings of fact, conclusions of law and judgment of adoption entered in this case.
With strict adherence to KRS Chapter 199, the L.'s may file a new adoption petition. However, due to noncompliance with applicable adoption statutes, we VACATE the findings of fact, conclusions of law, and separate judgment of adoption entered in this case on September 19, 2017.
ALL CONCUR.

Entry of a valid judgment of adoption terminates all parental rights. Wright v. Howard, 711 S.W.2d 492, 495 (Ky. App. 1986) ; Kentucky Revised Statutes (KRS) 199.520(2). While the TPR petition filed in this case describes S.B.P. as A.R.P.'s biological father, no proof was entered in support of this characterization. Specifically, there was no proof H.T. and S.B.P. were a married couple; A.R.P. was born in wedlock; nor, whether or how S.B.P.'s paternity was established. The report of the Guardian ad litem ("GAL") appointed to represent A.R.P. also identifies S.B.P. as the child's biological father.

Neither the 2014 juvenile case file, nor any document within it, was entered into the certified record in this case. Therefore, we cannot confirm the specific directive contained within any custody order that may have been entered in the prior action. The amended petition references the juvenile case as originating in Boyle County; all other documents consistently reference Mercer as the originating county.

Correspondence from S.B.P. indicates he gave only temporary custody of A.R.P. to R.L. and M.L. (collectively "the L.'s"), the child's maternal great-grandparents. However, all testimony and other documentation indicates the L.'s were awarded permanent custody.

TPR petition requested appointment of GAL to represent A.R.P. No one opposed request which was granted and entered same day petition was filed. Having requested appointment of GAL to represent A.R.P., the L.'s were ordered to pay the GAL's fee. No party has alleged a GAL should not have been appointed for A.R.P. In a notarized statement, H.T. identifies herself as A.R.P.'s biological mother. S.B.P.'s status as the child's biological father has been alleged, but not established. Because H.T. is the child's biological mother and is alive, appointment of a GAL for A.R.P. was not statutorily required by KRS 199.480(3).

The certificate of service on the TPR petition indicates CHFS was served via mail, followed by issuance of a civil summons on January 4, 2017.

The statement was executed while H.T. was incarcerated in the Boyle County Kentucky Detention Center. H.T. is not a party to this appeal.

KRS 199.470(4)(a) allows private adoption by specific relatives, including great-grandparents.

Kentucky Rules of Civil Procedure.

Notice was not served on CHFS.

The trial court found M.L. is seventy years of age and R.L. is seventy-three years of age.

On finding an appeal would be wholly frivolous, counsel may move to withdraw, but preserve the client's constitutional right to counsel by filing a brief identifying any portion of the record that might support an appeal should the client choose to raise those points. Anders v. State of California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This holding applies to TPR cases. A.C. v. Cabinet for Health and Family Services , 362 S.W.3d 361, 367 (Ky. App. 2012).