RENDERED:  MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1144-ME

R.J.G., THE BIOLOGICAL FATHER                                    APPELLANT


APPEAL FROM HENDERSON FAMILY COURT
v.      HONORABLE SUSAN WESLEY MCCLURE, SPECIAL JUDGE
ACTION NO. 23-AD-00022


J.A.B.; CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
O.M.W.B., A MINOR CHILD; S.R.G.;
AND T.J.B.                                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND A. JONES, JUDGES.

CETRULO, JUDGE:  This is an appeal by the biological father, R.J.G., ("Father")

from an order terminating his parental rights and granting an adoption of his minor

child, O.M.W.B., ("the child") pursuant to Kentucky Revised Statute ("KRS")

199.470.

## PROCEDURAL BACKGROUND

The child was born in October 2016 and has been in the custody of Appellees, J.A.B. and T.J.B., the maternal great-grandmother and her husband, since early 2017.[1]  Father was not married to the child's mother, but his paternity was established in September 2018.  Despite that finding of paternity, the record indicates Father did not pay child support and did not visit or have any contact with the child until Spring 2021.  At that point, both Father and the mother requested visitation with the child through a separate custody case, which was granted. Father visited with the child on a few occasions in Summer 2021, but then failed to appear for three supervised visits, which resulted in the suspension of his visits by the facility where the visits were scheduled.  Father never took further action to visit the minor child and again failed to support or otherwise provide any care for the child since November 2021.

In July 2023, appellees filed this petition for adoption without consent pursuant to KRS 199.470.  Per his request, Father was assigned counsel, and he appeared and testified at the hearing conducted on August 13, 2024.  At the conclusion of that hearing, the Henderson Family Court entered a judgment of

---

[1] The biological mother, S.R.G., did not answer or appear in the case below and has not filed an appeal from the termination of her parental rights granted in the same judgment.

adoption and findings of fact and conclusions of law terminating Father's parental rights. This appeal followed.

Counsel for Father filed this appeal, submitted a brief pursuant to *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012) ("*Anders* brief"), and moved to withdraw as counsel. Counsel informed Father of his right to submit an additional brief, *pro se*, and Father has declined to do so. By separate order, this Court granted counsel's motion to withdraw. There was no brief filed on behalf of the appellees.

**STANDARD OF REVIEW**

Our review is limited to a clearly erroneous standard which focuses on whether the family court's order of termination was based on "clear and convincing evidence." *Cabinet for Health & Fam. Servs. v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010) (citing Kentucky Rule of Civil Procedure ("CR") 52.01). "Pursuant to this standard, [we] [are] obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Id*. "Due to the fact that termination decisions are so factually sensitive, [we] are generally [reluctant] to reverse them[.]" *Cabinet for Health & Fam. Servs. v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014) (internal quotation marks and citation omitted). Rather, we defer to the

family court "unless the record is devoid of substantial evidence to support" the family court's findings. *Id.*

When counsel files an *Anders* brief, this Court independently reviews the record to ensure "the appeal is, in fact, void of nonfrivolous grounds for reversal." *C.J. v. M.S.*, 572 S.W.3d 492, 494 (Ky. App. 2019) (citing *A.C.*, 362 S.W.3d at 372). Having performed a complete review of the record, we affirm the family court.

"Since adoption is a statutory right which severs forever the parental relationship, [our] courts [] require[] strict compliance with the procedures provided in order to protect the rights of the natural parents." *Day v. Day*, 937 S.W.2d 717, 719 (Ky. 1997). Here, this adoption was sought pursuant to KRS 199.470 and KRS 199.502, an adoption without consent of the biological parent.[2]

The potential adoptive parents satisfied the requirements set forth in KRS 199.470: they were residents of the state and county where the petition was filed; they were married and joined together in the petition; the child had resided with them for more than 90 days prior to the filing; and they were great-grandparents of the child, satisfying the familial relationship of the statute. *See*

---

[2] Counsel for Father cites KRS 625.090, the parental termination statute. However, KRS 199.502(1)(a)-(j) actually governs this adoption without consent. The family court applied the correct law.

*B.L. v. J.S.*, 434 S.W.3d 61 (Ky. App. 2014) (detailing the requirements for establishing a familial relationship pursuant to KRS 199.470).

We then turn to KRS 199.502, which provides, in part, "an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that any" one of several "conditions exist with respect to the child[.]" Here, the family court relied on subsections (e) and (g) of KRS 199.502(1) which state:

> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
>
> . . .
>
> [and]
>
> (g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

"We must determine whether substantial evidence supports the family court's conclusions" that these two factors were met as to Father. *See C.J.*, 572 S.W.3d at 500-01.

Here, the family court specifically found that Father had never provided any support or care for the child. He had not sent birthday or Christmas cards or gifts. He had not provided food, clothing, school supplies, or other necessities, including medical care or shelter. While he was incarcerated for a brief time between 2018 and 2021, he had not sought to visit with the child since November 2021. Moreover, although he suggested his incarceration was a reason for his failure of support, he later acknowledged that this was for a brief period and he served on weekends only. He had maintained employment during that time and since, which would have allowed him to contribute financially, but he had not done so. Father had another child born since the child, for whom he pays child support and has parenting time. Because of this, the family court noted that he knew and understood the financial, emotional, and physical needs of children, but had nevertheless done nothing for nearly eight years to assist with those needs for the child.

The family court further considered and did not find credible Father's testimony that he did not know the address or even the names of the prospective adoptive parents or how to reach them. The testimony at the hearing confirmed appellees have lived in the same address and had the same phone numbers since at least 2021 and had not interfered with Father's ability to visit. Father acknowledged he had not done anything to try and visit since 2021 and had no

legitimate explanation as to why he missed visits in 2021 and then failed to follow up for additional visits. He acknowledged he had taken no steps to pursue any parenting role until the prospective adoptive parents filed this action in 2023. Finally, the family court specifically noted that Father had been absent for at least 88% of the child's life as of the date of the hearing. The family court properly considered the child's age and the likelihood of any significant improvement in the immediately foreseeable future. While we appreciate and sympathize with Father's request for a second chance to be a parent, the family court did not err in finding that he had multiple chances over the nearly eight years since this child's birth to be a parent to her. Instead, the appellees have been the parents, and there was clear and convincing evidence to support the court's termination of Father's rights.

After satisfying the statutory elements of KRS 199.470 and KRS 199.502, a family court shall enter a judgment of adoption if the court is satisfied that:

> the facts stated in the petition were established; that all legal requirements, including jurisdiction, relating to the adoption have been complied with; that the petitioners are of good moral character, of reputable standing in the community and of ability to properly maintain and educate the child; and that the best interest of the child will be promoted by the adoption and that the child is suitable for adoption.

*C.J.*, 572 S.W.3d at 496 (quoting KRS 199.520(1)).  There was ample testimony at the hearing to satisfy these requirements.  As the family court found:

> The Petitioners testified that the child's best interests require that this petition be granted; the Father testified that the child's best interests require that the petition be denied.  However, given his limited knowledge and information about the child, he admitted that he does not know the child sufficiently to know what her best interests require.  He stated that the only evidence that he had of his opinion is that he believes the Petitioners' age prevents them from adequately parenting the child; there was no evidence to validate his concerns.
>
> The Petitioners have a parental relationship with the child in which they meet all of her needs; she looks to them as if they were her parents.  They provide stability and appropriate care; they meet her physical, emotional, and educational needs.  The Petitioners love this child and care deeply for her; the child is emotionally close to the Petitioners and to her half-sibling who has also been adopted by the Petitioners. The Court finds that the Petitioners have established by clear and convincing evidence that a termination of the parental rights of the biological parents and the adoption of the child by the Petitioners are in the child's best interests.  The child, through her Guardian *ad Litem*, concurs.  The best interest of the child will be promoted by the adoption, and the child is suitable for adoption.

For the reasons set forth above, we affirm the orders of the Henderson Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Melanie A. Rolley
Madisonville, Kentucky