GOODWINE, JUDGE:
Appellants, E.K. and N.K. (collectively "Step-mother"), appeal from a Grant Circuit Court order (1) granting a motion to dismiss in favor of Appellee, T.A. ("Mother"); and (2) denying her motion to alter, amend, or vacate. After a careful review, we reverse and remand for further proceedings consistent with this opinion.
*82 BACKGROUND
On April 19, 2016, N.K. ("Father") filed a petition for involuntary termination of parental rights under KRS[1] 625.050 against Mother. Later that year, the trial court entered an agreed order, which allowed an amended petition seeking adoption under KRS 199.502 and the addition of Step-mother, as the minor child's step-parent. The amended petition set forth two counts: Count I was a petition for adoption under KRS 199.502, and Count II was a request for involuntary termination of parental rights under KRS 625.050.[2]
On February 13, 2017, Mother filed a motion to dismiss the amended petition, based on CR[3] 12.02(g)[4] and CR 19.01.[5] Mother argued the trial court should dismiss the amended petition because Step-mother failed to join, and serve, the Cabinet as an indispensable party. The trial court took the motion under submission and set a briefing schedule. In her response, Step-mother argued that the Cabinet was not an indispensable party, pertaining to Count I, and that the GAL report satisfied the report requirement of KRS 199.510.
In its April 20, 2017 order, the trial court dismissed the amended petition, finding the Cabinet was an indispensable party. Step-mother promptly filed a motion to alter, amend, or vacate, arguing that Count I of the amended petition should survive because it was filed under KRS 199.502, rather than KRS 625.050, which did not require her to name the Cabinet as a party. Mother responded that the trial court should still dismiss the amended petition because it failed to meet statutory requirements of KRS 199.510.
On August 22, 2017, the trial court entered an order denying Step-mother's motion to alter, amend, or vacate, citing KRS 199.510 and finding that "[b]ecause the Amended Petition includes both an Adoption and Involuntary Termination of Parental Rights, strict compliance with KRS 199 and/or KRS 625 is required; therefore, the Motion to Alter, Amend, or Vacate is DENIED ." August 22, 2017 order, p. 2 (emphasis in original). This appeal followed.
STANDARD OF REVIEW
There are no disputed facts before us, rather, whether the trial court correctly applied the law to said facts. Thus, since this is a question of law, our review is de novo. Grange Mut. Ins. v. Trude , 151 S.W.3d 803, 810 (Ky. 2004).
ANALYSIS
Before we begin our analysis, we acknowledge the parties and the trial court *83 were in a conundrum that plagues this Commonwealth's family court jurisprudence, which we are obligated to address. At its core, this is an adoption case; therefore, KRS 199 governs the entirety of the amended petition. Father initially filed a petition for the involuntary termination of parental rights under KRS 625, but the petition's amendment to include an adoption action under KRS 199 renders Count II moot.
By its nature, adoption under KRS 199 vitiates parental rights of biological parents. KRS 199.520(2). When there is a dual petition involving an adoption and involuntary termination of parental rights, the adoption supersedes the termination because KRS 199 encompasses KRS 625. Wright v. Howard , 711 S.W.2d 492, 495 (Ky. App. 1986) (ruling that when a court enters two judgments in an adoption case, the Court of Appeals shall view "the 'judgment of adoption' and 'order terminating parental rights' as being one document that comprises the judgment."). Therefore, the trial court incorrectly applied KRS 625 to the amended petition.[6]
Since we determined KRS 199 governs the entirety of the amended petition, we now turn to whether the Cabinet is an indispensable party. KRS 199.470 clearly details the petitioners required for an adoption. It reads in pertinent part:
(1) Any person who is eighteen (18) years of age and who is a resident of this state or who has resided in this state for twelve (12) months next before filing may file a petition for leave to adopt a child in the Circuit Court of the county in which the petitioner resides.
(2) If the petitioner is married, the husband or wife shall join in a petition for leave to adopt a child unless the petitioner is married to a biological parent of the child to be adopted, except that if the court finds the requirement of a joint petition would serve to deny the child a suitable home, the requirement may be waived.
Furthermore, KRS 199.480 lists all party defendants required in an adoption.
(a) The child to be adopted;
(b) The biological living parents of a child [...]
(c) The child's guardian, if it has one.
(d) if the care, custody, and control of the child has been transferred to the cabinet , or any other individual or individual, institution, or agency, then the cabinet, the other individual or individuals, institution, or agency shall be named a party defendant, unless the individual or individuals, or the instruction or agency is also the petitioner.
KRS 199.480 (emphasis added).
From our review, both KRS 199.470 and KRS 199.480 are devoid of any language indicating the Cabinet must be a named party in a step-parent adoption. Neither of these statutes mandate that the Cabinet must be a named party to the amended petition. According to KRS 199.480, the only time the Cabinet is required as a party-defendant is when the child is in its "care, custody, and control." That is not the case here. The child resides with Father and Step-mother. In this instance, the statutes are clear that the Cabinet is not an indispensable party.
Now, we must determine whether the amended petition strictly complies with KRS 199's requirements. In Kentucky, adoption is a statutory right that forever severs the parental relationship.
*84 Day v. Day , 937 S.W.2d 717, 719 (Ky. 1997). Since adoptions are creatures of the statute that gave them birth, we must require "strict compliance with the procedures provided in order to protect the rights of the natural parents." Id.
Herein, the trial court denied Step-mother's motion to alter, amend, or vacate because
KRS 199.510 requires the Cabinet, upon filing of the Petition, to be notified thereof and to commence an investigation of the proposed adoption and submit a report to the Court. This Report is essential to support the Petitioner's claim that the adoption is in the child's best interest.... [Therefore,] strict compliance with KRS 199 and/or KRS 625 is required.
August 22, 2017 order, p. 1-2; See KRS 199.510.[7] But what it, nor Mother, acknowledged is that the Cabinet's participation was not required because Step-mother, a.k.a. the minor's step-parent, was a party to the amended petition.
Under Kentucky law, the Cabinet's participation pre-petition is unnecessary for an adoption by a step-parent. KRS 199.470(4)(a) (No approval of an adoption shall be necessary in the case of "[a] child sought to be adopted by a blood relative, including a relative of half-blood, first cousin, aunt, uncle, nephew, niece, and a person of a preceding generation as denoted by prefixes of grand, great, or great-great; [or] stepparent ....") (emphasis added); S.J.L.S. v. T.L.S. , 265 S.W.3d 804, 828 (Ky. App. 2008) (" KRS 199.470(4)(a) makes the Cabinet's pre-petition participation unnecessary in some circumstances[.]"). Since Step-mother was a named party to the amended petition, Cabinet involvement was unnecessary at that point in the case. See Id.
While Step-mother's amended petition fully complied with KRS 199 statutory requirements at the time Mother filed a motion to dismiss , there are post-petition requirements that she must fulfill, which the trial court should allow sufficient time to complete. Id. Specifically, KRS 199.510(1) requires the Cabinet's post-petition notification and participation in every adoption. S.J.L.S. , 265 S.W.3d at 828. The Cabinet's participation is in the form of an investigation and report to the court, conducted and prepared by the Cabinet or its designee, prior to a final hearing. Id.
CONCLUSION
For the foregoing reasons, we: (1) reverse the trial court's dismissal of Step-mother's amended petition in its entirety; and (2) remand for a final hearing on the amended petition, allowing Step-mother time to comply with KRS 199.510 's post-petition statutory requirements.
ALL CONCUR.

Kentucky Revised Statutes.

Since Step-mother filed Count I under KRS 199, the statute nullifies Count II. Its dismissal is not challenged on appeal.

Kentucky Rules of Civil Procedure.

CR 12.02(g) ("Every defense ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (g) failure to join a party under Rule 19.").

CR 19.01 :
A person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if (a) in his absence complete relief cannot be accorded among those already parties, or (b) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Since Count II was rendered moot and its dismissal not challenged on appeal, we refer to the "amended petition," rather than the singularity/harmony of Counts I and II.

Upon filing a petition for the adoption of the minor child, the clerk of court shall forward two copies of the petition to the cabinet. The cabinet, or any person, agency or institution designated by it or the court shall, to the extent of available facilities, investigate and report in writing to the court: (a) Whether the contents of the petition required by KRS 199.490 are true; (b) Whether the proposed adoptive parents are financially able and morally fit to have the care, custody and training of the child; and (c) Whether the adoption is to the best interest of the child and the child is suitable for adoption.