RENDERED:  JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0790-ME

K.D.Y.                                                                      APPELLANT


APPEAL FROM LAWRENCE CIRCUIT COURT
v.        HONORABLE JANIE MCKENZIE-WELLS, JUDGE
ACTION NO. 22-AD-00010


W.F.; COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES;
H.Y., A MINOR CHILD; AND K.F.                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  In this adoption case, the Appellant, who is the biological

mother of the child at issue, contests the order of the Lawrence Family Court that

granted the adoption.  After our review, we affirm.

Appellant's counsel has filed an *Anders*[1] brief acknowledging that he cannot make any good faith argument for reversal and has attached a motion to withdraw. By Order of this Court entered on October 1, 2024, the motion to withdraw was passed to this merits panel; Appellant was permitted to proceed *pro se* and to file a supplemental brief within 30 days. No supplemental brief has been filed. Thus, we proceed with our review. "[W]e are obligated to independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361, 372 (Ky. App. 2012).

The Appellant, K.D.Y., is the biological mother (Mother) of the minor child, H.R.Y., who is the subject of this action. The child's date of birth is December 26, 2010. The biological father passed away in 2016. In July 2019, emergency custody of the child was granted to the Appellees, K.F. and W.F., in an underlying juvenile proceeding. Appellees are the paternal aunt and uncle of the child, who has lived with them ever since.

On May 16, 2022, K.F. and W.F. filed a petition in Lawrence Family Court to adopt the child,[2] naming the biological mother, the child, and the Cabinet

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] The pleading was captioned as a petition to involuntarily terminate parental rights and a petition for adoption. "When there is a dual petition involving an adoption and involuntary termination of parental rights, the adoption supersedes the termination because [Kentucky Revised Statute] KRS 199 encompasses KRS 625." *E.K. v. T.A.*, 572 S.W.3d 80, 83 (Ky. App.

for Health and Family Services (Cabinet) as respondents and requesting appointment of a guardian *ad litem* (GAL) for the child. The petition states that petitioners are married; their respective dates of birth; that they are residents of Kentucky; that they were given emergency custody of the child on July 25, 2019, and temporary custody on November 4, 2019; and that the child has resided with them continuously for no less than one year. Petitioners pled that the biological mother:

> Has abandoned the child for a period of not less than ninety (90) days;
>
> Has, for a period of not less than six (6) months, continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child; and
>
> Has, for reasons other than poverty alone, continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child.

---

2019). "Even though the parties designated their petition as one seeking termination of parental rights and adoption, . . . we must review the record for compliance with the adoption statutes." *C.J. v. M.S.*, 572 S.W.3d 492, 497 (Ky. App. 2019).

On May 16, 2022, a GAL was appointed for the child. On June 22, 2022, the GAL filed his report recommending adoption as being in the child's best interest. On August 19, 2022, the Cabinet filed its report recommending adoption -- provided that all legal requirements be met.

The matter was heard on May 16, 2023. K.F. and W.F. (hereinafter adoptive parents collectively), the biological mother, their respective counsel, and the child's GAL were present. At the outset, the court noted it had received the GAL's report indicating that adoption was in the child's best interest and the Cabinet's report recommending that the adoption be granted. The adoptive parents, the Cabinet worker, and the biological mother testified. On May 30, 2023, the family court entered Findings of Fact, Conclusions of Law, and Order; it entered Judgment and Order of Adoption granting the petition.

On June 28, 2023, Mother filed a notice of appeal to this Court.

*B.L. v. J.S.*, 434 S.W.3d 61 (Ky. App. 2014), sets forth our standard of review:

> An adoption without the consent of a living biological parent is, in effect, a proceeding to terminate that parent's parental rights. The standard of review in a termination of parental rights action is confined to the clearly erroneous standard in CR[3] 52.01 based upon clear and convincing evidence. The findings of the trial court will not be disturbed unless there exists no substantial evidence in the record to support its findings. Clear and

---

[3] Kentucky Rules of Civil Procedure.

-4-

convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent-minded people. Additionally, since adoption is a statutory right which severs forever the parental relationship, Kentucky courts have required strict compliance with the procedures provided in order to protect the rights of the natural parents.

*Id.* at 65 (citations omitted).

KRS[4] 199.470 "contains the basic requirements that must be satisfied to petition for adoption in this Commonwealth." *C.J. v. M.S.*, *supra*, at 498. KRS 199.480 governs the parties who shall be made defendants in an adoption proceeding and service thereof. KRS 199.490 governs the content of the adoption petition itself. We are satisfied from our review of the record that the petition in this case complied with these statutory requirements.

After an adoption petition is filed, KRS 199.510(1) requires the Cabinet to investigate and report in writing to the court the following items:

(a) Whether the contents of the petition required by KRS 199.490 are true;

(b) Whether the proposed adoptive parents are financially able and morally fit to have the care, custody and training of the child; and

(c) Whether the adoption is to the best interest of the child and the child is suitable for adoption.

---

[4] Kentucky Revised Statutes.

The Cabinet's report contained the necessary information to meet these statutory requirements.

KRS 199.502 governs adoption without consent. Subsection (1) provides in relevant part that "an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that any [of several enumerated] conditions exist with respect to the child[.]" In their petition, adoptive parents pleaded the existence of the following three conditions:

> (a) That the parent has abandoned the child for a period of not less than ninety (90) days;
>
> . . .
>
> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
>
> . . .
>
> (g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

In its Findings of Fact, Conclusions of Law, and Order, the family court concluded that the biological mother had abandoned the child for not less than 90 days; and that the biological mother had continuously or repeatedly failed to provide essential food, clothing, shelter, medical care, or education reasonably necessary for the child's well being with no reasonable expectation of significant improvement in the immediate foreseeable future. However, the family court did not directly cite KRS 199.502 and instead referred to KRS 625.090, which governs the involuntary termination of parental rights. We consider that omission harmless under the circumstances since we can readily identify the elements of KRS 199.502(1), which the family court concluded had been pled and proven -- namely, subsections (a) and (g).

Next, "[w]e must determine whether substantial evidence supports the family court's conclusions with respect to one of these factors." *C.J. v. M.S.*, 572 S.W.3d 492, 501 (Ky. App. 2019).

KRS 199.502(1)(g) provides:

> That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

At the hearing, the adoptive mother, K.F., testified that the child was placed in her care after being removed from the biological mother in July 2019. Since that time, K.F. has provided for the child financially. The child is doing well in school. She has a learning disability with respect to math for which she receives tutoring. The child had not been doing well in school when she was first placed in the care of her adoptive parents. She had missed a lot of school. It took a long time for her to "come out of her shell." Her grades have improved, and she has a routine and is even involved in cheerleading. The child has been living with adoptive parents for four years. K.F. further testified that Mother has not provided any financial support to help with the child. Mother was incarcerated within the past year -- although K.F. was not certain as to how long.

The adoptive father, W.F., testified that when the child was placed in their care in July 2019, she was shy, scared of everything, and did not know what to do. At that time, the child was eight years of age. She did not know how to properly brush her teeth, keep her hair brushed, or shower regularly. Since being in their care, she has shown much improvement.

The Cabinet worker testified that she has known the family since 2019. The child was removed from the home after Mother was reported to be homeless and tested positive for multiple substances. Mother has a history of substance abuse. In 2020, she had an apartment but was evicted. After that, the

Cabinet worker was not aware of her obtaining new housing. Although Mother had multiple case plans, she never successfully completed one. Cabinet efforts were waived in August 2022. In July 2019, when the removal first occurred, the child was underweight, very withdrawn, and seemed afraid of everyone around her. She now is getting an education and is gaining weight. According to the Cabinet worker, the child has done wonderfully well in her placement.

The testimony amply supports the family court's conclusion that Mother continuously or repeatedly failed to provide -- or is incapable of providing -- essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being.

Certified juvenile court records that were presented as an exhibit at the hearing include an Order of August 4, 2022, waiving the Cabinet's obligation to make reasonable efforts to offer reunification services as to Mother in Case No. 12-J-00151-002. In that Order, the juvenile court made the following findings of fact:[5]

> Parent has engaged in a pattern of conduct due to substance use disorder as defined in KRS 222.005 for a period of not less than ninety (90) days that has rendered the parent incapable of caring for the immediate and ongoing needs of the child, and the parent has refused or failed to complete available treatment for substance use disorder.

[5] At the time that Order was entered, the child had been living with adoptive parents for three years.

Further, that:

> Other circumstances exist that make continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the best interests of the child and with the permanency plan for the child as follows: the Court finds that per the recommendations from Dr. Ebben and that of CATS, the mother has limited capacity to parent and lacks stability to offer a safe home environment.

(Underline original.)

These findings recite Mother's inability to provide essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being. They also establish that her failings were not attributable to poverty alone but that they were rooted at least in part by her chosen "pattern of conduct" and lifestyle.

KRS 199.502(1)(g) also requires that there be "no reasonable expectation of significant improvement . . . [given] the age of the child[.]" In the case before us, the family court concluded that "there [wa]s no reasonable expectation of significant improvement based on the biological mother's past behavior." The court continued: "[t]he Court has been presented with no evidence to refute these reasonable future expectations."

"When determining whether a parent has a reasonable expectation for improvement, the court will also examine the parent's current parenting ability,

-10-

rather than just past behavior." *A.F. v. L.B.*, 572 S.W.3d 64, 76 (Ky. App. 2019). At the hearing, Mother testified that she has been clean for a year, is currently in treatment, sees two therapists weekly, undergoes a random drug screen weekly, and has been in long-term treatment for two years. She draws SSI as her source of income and a pension on her deceased father. Mother testified that she will be getting her driver's license back in a week, has reliable transportation, and plans to live in a trailer she bought on property that she inherited from her mother after a house located on the property is sold and its proceeds are divided with her sister. However, Mother did not specifically testify about her current parenting ability. In fact, she conceded that she was not necessarily opposed to the adoption. She testified that she was not asking for the child to come home with her and that she approves of where the child is living. She explained that she just wants to be a part of the child's life without disrupting it.

We are satisfied from our independent review of the record that substantial evidence supports the requirements for adoption without consent pursuant to KRS 199.502(1)(g).

We further conclude that the family court's Judgment and Order of Adoption complies with the requirements of KRS 199.520(1), which provides in relevant part that:

> After hearing the case, the court shall enter a judgment of adoption, if it finds that the facts stated in the

-11-

petition were established; that all legal requirements, including jurisdiction, relating to the adoption have been complied with; that the petitioners are of good moral character, of reputable standing in the community and of ability to properly maintain and educate the child; and that the best interest of the child will be promoted by the adoption and that the child is suitable for adoption.

Based upon our independent review of the record, we find no meritorious grounds for reversal. Accordingly, we affirm. By separate Order, we grant the motion to withdraw filed by counsel for Appellant.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brian Cumbo
Inez, Kentucky

BRIEF FOR APPELLEE:

Leslie M. Laupp
Covington, Kentucky

-12-